**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JARRETT WADE SWANIGAN,

    Petitioner,                        Civil No. 4:08-CV-11309
                                          HONORABLE PAUL V. GADOLA
v.                                     UNITED STATES DISTRICT JUDGE

NICK LUDWICK,

    Respondent,
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

Jarrett Wade Swanigan, ("Petitioner"), presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his convictions for first-degree murder, M.C.L. 750.316; three counts of assault with intent to commit murder, M.C.L. 750.83; and possession of a firearm in the commission of a felony, M.C.L. 750.227b. Petitioner has also filed a motion to hold the petition in abeyance in order to permit him to initiate post-conviction proceedings in the state courts, in order to exhaust two of the claims contained in his petition which Petitioner claims may not have been properly exhausted with the state courts on direct review. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit Petitioner to return to the state courts to exhaust his claims. Should Petitioner fail to follow the terms set forth below, the petition shall be dismissed without prejudice. The Court will also administratively close the case at this time, pending further actions by Petitioner.

1

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal but his case was remanded to the trial court in order to conduct a *Ginther* hearing on Petitioner's claim of ineffective assistance of counsel. *People v. Swanigan,* No. 257144 (Mich.Ct.App. December 22, 2005). On remand, an evidentiary hearing was conducted on Petitioner's ineffective assistance of counsel claim, after which the claim was denied. *People v. Swanigan*, No. 04-2842-02-FC (Wayne County Circuit Court, April 12, 2006). The Michigan Court of Appeals again affirmed Petitioner's conviction after remand. *People v. Swanigan,* No. 257144 (Mich. Ct. App. May 5, 2006)(after remand). On December 29, 2006, the Michigan Supreme Court denied Petitioner leave to appeal. *People v. Swanigan,* 477 Mich. 979; 725 N.W. 2d 336 (2006).

On March 21, 2008, Petitioner filed the instant application for writ of habeas corpus with this Court. [1] Petitioner seeks habeas relief on four grounds:

> I. Swanigan was deprived of his constitutional rights to a fair trial and due process under the Sixth and Fourteenth Amendments when the prosecution was improperly permitted to bolster the testimony of the only witness to identify the shooter by injecting as a "prior consistent statement" a hearsay statement he allegedly made to his mother after the motive and opportunity to fabricate arose.
>
> II. Swanigan was denied his Sixth Amendment right of confrontation and his Fourteenth Amendment right to due process of law when the trial court limited the cross-examination of the officer-in-charge regarding his failure to investigate evidence exculpatory to Swanigan and the direct examination of a police officer chaperone, who found a gun and ejected another participant prior to the shooting.

---

[1] Under the prison mailbox rule, this Court will assume that Petitioner actually filed his habeas petition on March 21, 2008, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

2

III. The trial court's instruction to the jury that the defense could have requested to have a gun found at the scene tested for fingerprints improperly shifted the burden of proof to Swanigan, depriving him of his constitutional rights to a fair trial and due process of law under the Sixth and Fourteenth Amendments.

IV. Swanigan was deprived his constitutional right to the effective assistance of counsel under the Sixth Amendment when counsel failed to investigate and prepare for trial, and failed to call witnesses.

## II. Discussion

Petitioner has asked this Court to hold the instant petition in abeyance to permit him to return to the state courts to exhaust his second and third claims, claims he contends may not have been presented to the Michigan Supreme Court as part of the direct review process.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-278 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Grant v. Rivers*, 920 F. Supp. 769, 779 (E.D. Mich. 1996). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

In the present case, Petitioner acknowledges that his second and third claims may not have been fairly presented to the Michigan Supreme Court in his application for leave to appeal. It therefore appears that these two claims have not been completely exhausted with the state courts.

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003). Petitioner has an available state court remedy with which to exhaust his second and third claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could exhaust these claims by filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509, 7.203, 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

The Court is concerned that in dismissing the current petition outright, there is the possibility that Petitioner might be prevented under the AEDPA's one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of his claims in the state courts. In this case, the Michigan Supreme Court denied Petitioner's application for leave to appeal on December 29, 2006. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. When a state prisoner

4

has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Because Petitioner did not seek a writ of certiorari with the United States Supreme Court, Petitioner's judgment became final, for the purpose of commencing the running of the one year limitations period, on March 29, 2007. *See Fugate v. Booker,* 321 F. Supp. 2d 857, 860 (E.D. Mich. 2004).

Petitioner filed the instant petition with this Court on or about March 21, 2008, with only eight days remaining under the one year statute of limitations. A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as Petitioner has apparently done here, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may therefore stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278. However, even where a

5

district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.*

In order to avoid Petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance for sixty days and will allow Petitioner to return to the state courts to seek post-conviction relief. While Petitioner's state court proceedings are pending, the Court will hold the present petition in abeyance. This tolling is conditioned upon Petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order <u>and</u> returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *Hargrove,* 300 F. 3d at 718; *See also Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III. ORDER

Accordingly, it is **HEREBY ORDERED** that Petitioner's "Motion Instanter to Stay the Proceedings and Hold Petition for Writ of Habeas Corpus in Abeyance [docket entry # 2] is **GRANTED**. Petitioner may file a motion for relief from judgment with the state court **within sixty (60) days of receipt of this court's order.** If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

If Petitioner files a motion for relief from judgment, he shall **NOTIFY** this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the Petitioner's exhaustion of the claims. The Petitioner shall **RE-FILE** a habeas petition within **SIXTY (60) DAYS** after the conclusion of the state court post-conviction proceedings. Petitioner is free at

that time to file an amended habeas petition which contains any newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be construed as a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

**SO ORDERED.**

Dated:   April 7, 2008                             s/Paul V. Gadola
                                                                    HONORABLE PAUL V. GADOLA
                                                                    UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  April 7, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:            Jarrett Swanigan                           .

                                                                    s/Ruth A. Brissaud
                                                                    Ruth A. Brissaud, Case Manager
                                                                    (810) 341-7845